UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| EDUARDO CARPANEDA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOMINO'S PIZZA, INC.; DOMINO'S, INC.; DOMINO'S PIZZA, LLC; PMLRA PIZZA, INC.; and HENRY ASKEW,<br><br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants Domino's Pizza, Inc., Domino's, Inc., and Domino's Pizza LLC[1] (together, "Domino's"), by and through their undersigned counsel, remove to this Court the state-court action described in Paragraph 1 below and filed by Plaintiff Eduardo Carpaneda.

**THE REMOVED CASE.**

1. The removed case is a civil action filed as a putative class action on or about August 8, 2013 in the Superior Court of the State of Massachusetts, County of Middlesex, styled *Carpaneda v. Domino's Pizza, Inc., et al.*, Civil Action No. 13-3555.

**PAPERS FROM REMOVED ACTION.**

2. As required by 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Domino's in the removed case. Declaration of Daniel J. Blake

---

[1] Domino's Pizza LLC does not contain a comma in its name. Domino's Pizza LLC does not dispute that it is the intended defendant named in the Complaint as "Domino's Pizza, LLC."

("Blake Decl.") ¶ 3 & Ex. 1 (summons, complaint, and scheduling order).  A certified copy of all records and proceedings filed to date in the state-court action will be filed in accordance with Local Rule 81.1.

## REMOVAL IS TIMELY.

3.  The Summons and Complaint were served upon Domino's Pizza LLC on August 23, 2013, and counsel for Domino's agreed to accept service voluntarily upon Domino's Pizza, Inc. and Domino's, Inc. effective September 6, 2013.  *See* Blake Decl. ¶¶ 4–5 & Exs. 1-2.  This notice of removal is filed within 30 days following such service, and is therefore timely under 28 U.S.C. § 1446(b)(1) and Rule 6(a) of the Federal Rules of Civil Procedure.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## THE VENUE IS PROPER IN THIS COURT.

4.  Venue in the District of Massachusetts, Boston Division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

## REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL DIVERSITY JURISDICTION OVER THIS DISPUTE.

5.  Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action in a state court of which the federal district court possesses original jurisdiction.[2]  Because the Court possesses original diversity jurisdiction over this dispute pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part at 28 U.S.C. § 1332(d)(2) and (d)(5)), removal is proper.

---

[2]  Because Domino's seeks removal of a class action, this petition "does not require the consent of all defendants." *College of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins. Co.*, 585 F.3d 33, 37 (1st Cir. 2009) (applying 28 U.S.C. § 1453(b), which provides that a class action "may be removed by any defendant without the consent of all defendants").

6. Under 28 U.S.C. § 1332(d)(2) and (d)(5), this Court has original jurisdiction over any class action in which (1) the parties are minimally diverse, (2) the amount in controversy exceeds $5 million, and (3) the number of putative class members is greater than 100.

7. *First*, this dispute easily satisfies the "minimal diversity" requirements of CAFA. *Katz v. Pershing, LLC*, 672 F.3d 64, 70 n.1 (1st Cir. 2012). CAFA requires only that *any* member of a putative class of plaintiffs be a citizen of a different state than *any* defendant. 28 U.S.C. § 1332(d)(2)(A); *see also Katz*, 672 F.3d at 70.

8. According to the Complaint (attached to the Blake Declaration at Exhibit 1), Plaintiff Eduardo Carpaneda is a resident of Natick, Massachusetts, and an employee of defendant PMLRA Pizza, Inc. ("PMLRA"), which is a Domino's franchisee and which operates one or more Domino's restaurants in Massachusetts. Compl. ¶¶ 2, 7, 9.[3] Plaintiff seeks to bring suit on behalf of "all other Massachusetts employees similarly situated" between August 8, 2010 and the present. *Id.* ¶¶ 1, 29; *see also id.* ¶ 10 ("PMLRA and other Massachusetts Domino's locations employ a large number of delivery drivers like the Plaintiff.").

9. Plaintiff's residency and employment in Massachusetts suffice to demonstrate that Massachusetts is his domicile, a status determined by physical presence and an intent to remain indefinitely. *Garcia Perez v. Santaella*, 364 F.3d 348, 350 (1st Cir. 2004). "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). And an individual's domicile determines his or her citizenship for purposes of diversity jurisdiction. *Garcia Perez*, 364 F.3d at 350. Thus, Plaintiff is a citizen of Massachusetts.

---

[3] All Domino's-branded stores in business in Massachusetts, including the four stores currently operated by PMLRA, are owned and operated by independent franchisees. Declaration of William Kapp ("Kapp Decl.") ¶ 7. Domino's does not operate any stores of its own in Massachusetts, and has not done so during the period of time encompassed by this suit. *Id.*

10. Domino's, Inc. and Domino's Pizza, Inc. are both Delaware corporations with their principal place of business in Michigan, and for diversity purposes, are thus citizens of Delaware and Michigan. *See* Declaration of William Kapp ("Kapp Decl.") ¶¶ 3–4; 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (principal place of business will typically be a corporation's headquarters). Domino's Pizza LLC is a Michigan limited liability company whose sole member is Domino's, Inc., Kapp Decl. ¶ 5, and it therefore is a citizen of Delaware and Michigan as well. *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006) (citizenship of LLC is determined by citizenship of its members). The "minimal diversity" requirement of CAFA therefore is satisfied.[4]

11. *Second*, the amount in controversy satisfies the $5,000,000 threshold set by CAFA, 28 U.S.C. § 1332(d)(2). The Complaint itself does not contain specific damage allegations. For purpose of removal, therefore, Domino's "must show a reasonable probability that the amount in controversy exceeds $5 million." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 43 (1st Cir. 2009). Plaintiff seeks to recover for the putative class all delivery charges collected from customers at Domino's franchises in Massachusetts between August 8, 2010 and the present (and seeks treble damages, too). Compl. ¶¶ 1, 11-12, 23-25, 29; Count I; Demand for Relief ¶¶ 2-3. According to information supplied to Domino's by its franchisees in Massachusetts, those stores collected more than $5 million in aggregate delivery charge revenue

---

[4] Moreover, all that is required for purposes of CAFA (in view of Domino's citizenship in Michigan and Delaware) is that *a single member* of the putative class of all delivery drivers across all franchised stores in Massachusetts be a Massachusetts domiciliary, which undoubtedly is well beyond a "reasonable probability." *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) (where class claims pertained to "thousands" of "New York customers," it was "plain" that Blockbuster had shown a "reasonable probability that at least one of these class members is a citizen of New York" and therefore that minimal diversity was satisfied) (internal quotation marks omitted).

between August 8, 2010 and the filing of this suit on August 8, 2013.  Kapp Decl. ¶ 8.  The amount in controversy requirement of CAFA therefore is satisfied.

12.	*Third*, the minimum class size of one hundred, *see* 28 U.S.C. § 1332(d)(5)(B), is also satisfied.  PMLRA alone has employed more than one hundred persons as delivery drivers at its Massachusetts stores during the relevant time period.  Declaration of Henry Askew ¶ 3.

### FILING OF REMOVAL PAPERS.

13.	Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is being filed with the Superior Court of Massachusetts, Middlesex County.

WHEREFORE, defendants Domino's Pizza, Inc.; Domino's, Inc.; and Domino's Pizza LLC hereby remove the above-captioned action from the Superior Court of Massachusetts, Middlesex County, and request that further proceedings be conducted in this Court as provided by law.

Dated: September 20, 2013

Respectfully submitted,

/s/ Daniel J. Blake
Kevin G. Kenneally, Esq.
Daniel J. Blake, Esq.
LECLAIRRYAN
One International Place
Eleventh Floor
Boston, MA 02110
Telephone:   (617) 502-8200
E-mail:   daniel.blake@leclairryan.com

Daniel F. Katz, Esq. (*pro hac vice forthcoming*)
David S. Kurtzer-Ellenbogen, Esq. (*pro hac vice forthcoming*)
Eli S. Schlam, Esq. (*pro hac vice forthcoming*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:   (202) 434-5000
E-mail:   dkurtzer@wc.com

*Attorneys for Defendants Domino's, Inc., Domino's Pizza, Inc., and Domino's Pizza LLC*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of this NOTICE OF REMOVAL was sent via first-class mail and electronic mail this 20th day of September, 2013, to Stephen S. Churchill, Esq. and Hillary Schwab, Esq., Fair Work P.C., 192 South Street, Suite 450, Boston, MA 02111.

                <u>/s/ Daniel J. Blake</u>
                Daniel J. Blake