UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
EDUARDO CARPANEDA,            )
ON BEHALF OF HIMSELF AND      )
ALL OTHERS SIMILARLY SITUATED,)
                              )
          Plaintiffs,         )      CIVIL ACTION
                              )      NO. 13-12313-WGY
     v.                       )
                              )
DOMINO'S PIZZA, INC.; DOMINO'S)
INC.; DOMINO'S PIZZA LLC; PMLRA)
PIZZA, INC.; AND HENRY ASKEW, )
                              )
          Defendants.         )
_____)
```

YOUNG, D.J.                                    January 9, 2014

MEMORANDUM AND ORDER

## I. INTRODUCTION

This case involves a putative class action filed by Eduardo
Carpaneda ("Carpaneda") on behalf of himself and all other
employees similarly situated against Domino's Pizza, Inc.;
Domino's, Inc.; Domino's Pizza, LLC; PMLRA Pizza, Inc.
("PMLRA"); and Henry Askew ("Askew"), (collectively "Domino's"),
alleging unlawful retention of service charges in violation of
Massachusetts Tips Act (Tips Act), Mass. Gen. Laws ch. 149 §
152A (2004), and the Massachusetts Minimum Fair Wage Act
(Minimum Wage Act), Mass. Gen. Laws ch. 151 §§ 1-7 (2008).

On December 17, 2013, this Court heard oral arguments and denied Domino's motion to dismiss the Minimum Wage Act claim and took the Tips Act claim under advisement. Mot. Hr'g Tr., ECF No. 31. Upon review of the parties' submissions, the relevant portions of the record, and the applicable law, the Court rules as follows.

### A.    Procedural Posture

On August 8, 2013 Carpaneda filed this suit against Domino's in the Massachusetts Superior Court sitting in and for the County of Middlesex. Notice Removal Fed. Ct., ECF No. 1. On September 20, 2013, Domino's removed the suit to the United States District Court for the District of Massachusetts on diversity grounds. Id. On October 28, 2013, Domino's moved to dismiss Carpaneda's entire complaint. Defs.' Mot. Dismiss, ECF No. 17; Defs.' Mem. Law Supp. Mot. Dismiss, ECF No. 18. Carpaneda filed its opposition to Domino's' motion to dismiss on November 12, 2013. Pl.'s Opp'n Defs.' Mot. Dismiss, ECF No. 22. Domino's filed a reply to Carpaneda's opposition to its motion on November 21, 2013. Defs.' Reply Pl.'s Opp'n Mot. Dismiss, ECF No. 27. On December 17, 2013, the Court heard oral arguments and denied the motion to dismiss the Minimum Wage Act claim and took the Tips Act claim under advisement. Mot. Hr'g Tr., ECF No. 31.

### B.    Facts Alleged

Carpaneda is employed by PMLRA, a Domino's Pizza franchisee, as a pizza delivery driver. Compl. ¶ 9. Under the Minimum Fair Wage Act, Mass. Gen. Laws ch. 151 §§ 1-2, he is paid a "tipped minimum wage" of about $3 per hour, plus tips. Id. Domino's business is primarily focused on pizza delivery, as opposed to in-store dining. Id. at ¶ 10. For every pizza delivery, regardless of the means by which the customer orders the pizza, Domino's imposes a $2.50 "delivery charge." Id. at ¶ 11. Domino's retains this delivery charge; the drivers receive no portion as part of their tipped wages. Id. The $2.50 is within the range of what an objectively reasonable customer would pay as a tip to a driver. Id.

It is undisputed that Domino's notifies customers in three different ways that the delivery charge is not a tip paid to the drivers and encourages customers to tip them for delivery.[1] Id. at ¶ 13; Def.'s Mot. Dismiss 7. Indeed, when a customer orders online, before checking out, the order summary informs the customer that the total amount due is composed of (i) the food and beverage price, (ii) a $2.50 delivery fee, and (iii) taxes. Compl., Ex. A, Online Pizza Order ("Online Pizza Order") 24, ECF No. 14. The system displays the amount due automatically and

---

[1] Domino's' statement reads: "Any Delivery Charge is not a tip paid to your driver. Please reward your driver for awesomeness." Compl., Ex. C, Domino's Pizza Box ("Domino's Pizza Box") 29, ECF No. 14.

does not allow the customer to modify any prices that compose
the total price or to add extra money for a tip. Id. If the
customer scrolls down, there is a section at the bottom of the
page entitled "Legal Stuff," which states that the delivery
charge does not constitute a tip and encourages customers to tip
drivers. Id. Customers can pay either by credit card or cash.
Id.

When a customer places an order through Domino's smartphone
or tablet app, the total price is displayed in the same way and
an identical disclaimer appears under the "Place Your Order"
button. Compl., Ex. B, Smartphone & Tablet Pizza Order
("Smartphone & Tablet Pizza Order") 27, ECF No. 14. Regarding
orders placed by telephone, however, Domino's has a nationwide
uniform processing system that fails to inform customers the
delivery charge in not paid to drivers. Compl. ¶ 18. Instead,
the Domino's representative states only the total amount due.
Id. Domino's pizza boxes are covered with various pictures and
logos, and on one side of the box there is a notification about
delivery charges and tips, identical to the disclaimer displayed
in the webpage. Compl., Ex. C, Domino's Pizza Box ("Domino's
Pizza Box") 29, ECF No. 14.

## II.  ANALYSIS

At the December 17, 2013 motion hearing, this Court denied
Domino's' motion to dismiss the Minimum Wage Act claim.

Therefore, this memorandum addresses only Domino's motion to dismiss Carpaneda's Tip Act claim.

### A.   Standard of Review.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the complaint are taken as true. See Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The Court must "draw all reasonable inferences in the plaintiff's favor." Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

### B.   Massachusetts Tips Act Violation

Carpaneda argues that the "delivery charge" is a service charge under the Tips Act. Accordingly, Domino's violated the Tips Act by failing to turn over to the drivers the proceeds of the fee. A service charge is defined for purposes of the Tips Statute as:

> [A] fee charged by an employer to a patron in lieu of a tip to any wait staff employee, service employee, or service bartender, including any fee designated as a service charge, tip, gratuity, or a fee that a patron or other consumer would reasonably expect to be given to a wait staff employee, service employee, or service bartender in lieu of, or in addition to, a tip.

Mass. Gen. Laws ch. 149, § 152A. The Act further provides that
if the employer submits a bill to the patron charging the
service charge, the total proceeds of that service charge
shall be passed to the service employee in proportion to the
service provided by those employees. Id. This Act, however,
also provides employers with a safe harbor, authorizing them
to retain a fee in addition or instead of the service charge
"if the employer provides a designation or written description
of that house or administrative fee, which informs the patron
that the fee does not represent a tip or service charge for
wait staff employees, service employees, or service
bartenders." Id.

It is undisputed that, except when ordering by phone,
Domino's informs its clients before paying that the "delivery
charge" does not constitute a tip for employees. Carpaneda,
however, claims that the question of whether the notice provided
by Domino's is sufficient to comply with the requirements of the
safe harbor of section 152A of the Tip Act is a question for a
fact finder that cannot be resolved at the motion to dismiss
stage. Because the statute has not set parameters regarding font
size, format, or placement of the notice, the issue becomes
whether the notice Domino's provides to its customers is
sufficiently clear and unambiguous to fall within the safe

harbor of section 152A that allows Domino's to retain the delivery charge.

This Court has already analyzed the sufficiency of notices under the Tips Act. In DiFiore, skycaps working at American Airlines ("American") filed a class action lawsuit against American alleging, among other claims, that American's two dollar per bag handling fee for curbside baggage services violated the Tips Act. See DiFiore v. American Airlines, Inc., 561 F. Supp. 2d 131, 132 (D. Mass. 2008), rev'd on other grounds, 646 F.3d 81, 82 (1st Cir. 2011). The fee was not paid to the skycaps who physically handled the bags, but rather retained and split between American and a third party contractor. Id. The skycaps alleged that American violated the Tips Act by failing to distribute the proceeds of the bag fee, and by not adequately notifying its customers that the charge was not a tip for the skycaps. See DiFiore v. American Airlines, Inc., 646 F.3d 81, 82 (1st Cir. 2011). American, though, informed its customers by posting several signs adjacent to the bag-check podiums stating "U.S. Domestic Flights: $2 per bag. Gratuity not included." Id. at 83. In a motion in limine, American argued that this notice was sufficient, as matter of law, to establish an affirmative defense under section 152A. American's Mot. In Limine, DiFiore, 646 F.3d 81, (No. 07-10070-WGY), ECF No. 98-1. The skycaps claimed that whether the

notation "gratuities not included" was sufficiently readable and understandable to passengers, such that it satisfied the requirement of section 152A, was a question for the jury. DiFiore's Opp'n American's Mot. In Limine, DiFiore, 646 F.3d 81, (No. 07-10070-WGY), ECF No. 103. This court denied American's motion and sent the case to trial, where the jury found American liable. Jury Verdict, DiFiore, 646 F.3d 81, (No. 07-10070-WGY), ECF No. 145.

American thereafter filed a motion for a new trial, or in the alternative, a motion for a judgment as matter of law, alleging that the notice provided by American prevented the skycaps from recovering any damages because the notice complied with section 152A. American's Mot. J. Matter Law, DiFiore, 561 F. Supp. 2d 131, (No. 07-10070), ECF No. 152. This Court ruled that judgment as matter of law was inappropriate on the grounds that despite the notice provided by American, a reasonable passenger could have thought that the two dollar fee was given to the skycaps as a tip. See DiFiore, 561 F. Supp. 2d at 136.

The Massachusetts Superior Court, on the other hand, appears to interpret the Tips Act in a more restrictive way. In Mouiny v. Commonwealth Flats Development Corp., No. 2006-01115, 2008 WL 9028521, at *7 (Mass. Super. Aug. 18, 2008) (Gants, J.), the court analyzed whether a reasonable patron would consider "station fees" (fees for extra tables ordered by hotel's banquet

customers) as "service charges" that the employer should have distributed amongst the wait staff as tips under section 152A of the Act. The court ruled that no reasonable customer would think that the station fees were tips for employees because, (i) one would normally understand that the stations would need to be separately staffed by additional employees whose wages were paid by the hotel, and (ii) the invoices provided notice that the "banquet station fees" were not tips for the wait staff. Id. See e.g., DePina v. Marriott International, Inc., No. 2003-05434, 2009 WL 8554874 at *12 (Mass. Super. July 28, 2009) (Henry, J.) (granting motion for summary judgment on the grounds that the hotel's practice of (i) listing flat fees for culinary stations as a "chef fee," "bartender fee," or "attendant fee" separate and distinct from the percentage based "service charge" fee, and (ii) informing customers that only the last ones were distributed amongst wait staff, met the requirements of section 152A); Masiello v. Marriott International, Inc., No. 2006-05109, 2010 WL 8344105 at *2-3 (Mass. Super. May 11, 2010) (Roach, J.) (granting the hotel's motion for summary judgment because the hotel listed the flat fees for banquet stations, clarifying that tips for banquet stations employees were not included in the price and differentiated them from the service charges that were distributed amongst wait staff).

The case at hand, however, presents slight, but relevant questions of fact, distinguishable from the Superior Court cases just cited.

In cases where the employer provided notice to the patron stating that a certain fee did not constitute a tip or service charge, courts have focused on whether a reasonable customer would understand that the employer did not distribute the fee amongst employees. See Masiello, 2010 WL 8344105 at *2-3, Mouiny, 2008 WL 9028521, at *7. Indeed, this Court held in DiFiore that the question whether the sign posted by American informing that tips were not included in the handling fee was enough to put a "reasonable customer" on notice had to be answered by a jury. See DiFiore, 561 F. Supp. 2d at 132. As in Carpaneda's case, American posted a sign explaining to passengers that notwithstanding the two dollar fee, they were expected to also tip the skycaps because gratuities were not included in the fee. Id. This Court tried the case and instructed the jury to determine if the notice was sufficient to inform customers that the two dollar per bag charge was not a tip for the skycaps. Pl.'s Opp'n Def.'s Mot. Dismiss, Ex. B, Jury Instructions in DiFiore case ("Jury Instructions") 28, 33, 55, ECF No. 22. Likewise, the question whether the notice Domino's provided to its customers about the delivery charge and tips was sufficiently clear and unambiguous so that no

reasonable customer would think it was a tip for the driver ought here be answered by a jury. Although the notice Domino's provides on its webpage presents a close case, ambiguity remains where customers who order by phone are not warned about the delivery charge policy beforehand. They ultimately learn, if at all, that the delivery charge is not a tip when they receive the box with the attached notice. In this scenario, it is not unreasonable to conclude that many customers do not tip the driver upon receiving the delivery, assuming that the delivery charge constitutes a tip. If the customer does read the disclaimer on the box, this may occur only after the driver leaves, leaving no opportunity to provide a tip.

It ought also be noted that, unlike other online ordering systems where the customer can add to the total price the amount of money he wishes to tip, Domino's web page automatically displays the amount due including the delivery charge, but does not permit the customer to add a tip. This system, coupled with the fact that $2.50 is an amount comparable to what an average customer might pay as a tip, makes it plausible that a reasonable customer would interpret the delivery charge as a tip. Carpaneda has therefore pled facts regarding the delivery charge nature to establish a claim under the Tips Act.

Lastly, Domino's also argues that because PMLRA, and not Domino's, collects the delivery charge,[2] only PMLRA can be held liable under the Tips Act. Def.'s Mot. Dismiss 16. In his complaint, however, Carpaneda alleges that pursuant to the franchise agreement, Domino's has a contractual right to receive a percentage of all revenues, including delivery charges, received by the franchisee. Compl. ¶ 20.

**III. CONCLUSION**

For the foregoing reasons, this Court DENIES Domino's motion to dismiss Carpaneda's Tips Act claim.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[2] Under the Tip Act, an employer or other person who improperly retains any portion of a gratuity that a patron reasonably expects to go to the employee might be held liable.