UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 13-12313-WGY

EDUARDO CARPANEDA, on behalf )
of himself and all others )
similarly situated, )
 )
    Plaintiff )
 )
v. )
 )
DOMINO'S PIZZA, INC.; )
DOMINO'S, INC.; DOMINO'S PIZZA, )
LLC; PMLRA PIZZA, INC.; and )
HENRY ASKEW, )
 )
    Defendants )

**PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to M.G.L. c. 149, § 150, and M.G.L. c. 151, § 20, plaintiff Eduardo Carpaneda respectfully moves for an award of attorneys' fees and costs. As discussed in more detail below, Mr. Carpaneda requests an award of fees in the amount of $41,320.00, and an award of costs in the amount of $2,098.75.

**1.    Mr. Carpaneda is entitled to an award of fees and costs as a prevailing party.**

Mr. Carpaneda brought claims on behalf of himself and all others similarly situated under the Massachusetts Tips Law, M.G.L. c. 149, § 152A, and the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7. Where a plaintiff prevails with a claim under the payment of wages statute or the minimum wage statute, the court "shall" make an award of costs and reasonable attorneys' fees. M.G.L. c. 149, § 150 ("An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys'

fees."); M.G.L. c. 151, § 20 ("An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any loss of minimum wage and shall also be awarded the costs of the litigation and reasonable attorneys' fees.").

Under these statutes, a plaintiff who obtains *any* damages is a prevailing party entitled to an award. *See Killeen v. Westban Hotel Venture, LP*, 69 Mass. App. Ct. 784, 790 (2007) (under mandatory fees provision of wage statute, M.G.L. c. 149, § 150, court must award fees and costs to plaintiff who receives any damages, because the award of damages "altered the legal relationship between [the plaintiff] and the defendant"). Mr. Carpaneda plainly was a prevailing party with respect to his wage claims: he obtained a judgment in his favor in the amount of $19,500. Indeed, the offer of judgment expressly provides that he is entitled to reasonable attorneys' fees and costs relating to this action. (ECF No. 51).

**2.      The amount of an award of fees should be calculated based on the lodestar.**

The "basic measure" for an award of fees is the lodestar, "which is the fair market rate for the time reasonably spent preparing and litigating a case." *Id.* (citations and internal quotation marks omitted). *See also Fontaine v. Ebtec Corp.*, 415 Mass. 309, 326 (1993) ("A fair market rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorney's fee under State law….").

The "**fair market rate**" prong is determined by reference to "'the average rate in the community for similar work by attorneys with the same years' experience.'" *Id.* at 791, *quoting Stowe v. Bologna*, 417 Mass. 199, 203-204 (1994) (other citations omitted). The "**time reasonably spent**" prong is determined by reference to multiple factors, which may include (1) the amount of time documented by the plaintiff's attorney, (2) the plaintiff's financial interests, (3) the plaintiff's "other interests sought to be protected by the statute in question," (4) the

"public interest in having persons with valid claims under the statute represented by competent legal counsel," (5) "the nature of the case and the issues presented," (6) "the time and labor required," (7) "the amount of damages involved," and (8) and "the result obtained." *Id.* at 791 (citations and internal quotation marks omitted).

**3. The fair market rate for Mr. Carpaneda's counsel is $425 per hour for Attorney Churchill and $275 for Attorney Casavant.**

Mr. Carpaneda's lead counsel, Stephen Churchill, is a 1993 graduate of Harvard Law School and has been practicing employment law for over 20 years. (Affidavit of Stephen Churchill, filed herewith, ¶¶ 1-2). Since 2007, he has served on the faculty of Harvard Law School, teaching two courses on employment law and directing the employment law clinic. (Churchill Aff. ¶ 2). He has been counsel on numerous reported cases, in both state and federal court, obtaining favorable outcomes for both employers and employees. (Churchill Aff. ¶ 4). Mr. Churchill also has served as a speaker or moderator on numerous occasions, and has authored a number of papers on employment law issues. (Churchill Aff. ¶¶ 5-6). As a result of his background, experience, and accomplishments, the most relevant comparison for Mr. Churchill's fair market rate is for accomplished employment attorneys with about 19-20[1] years of experience.

There is considerable data in the public record about the fair market rate for employment attorneys. That data is in the form of fee awards issued by other courts, all of which were based on evidence regarding prevailing rates. The following table summarizes some of the relevant data.

---

[1] This case began in 2013, when Mr. Churchill had about 19 years of experience.

3

| Name of Case | Year of Award | Attorney | Year Admitted | Years Experience | Hourly Rate Awarded |
|---|---|---|---|---|---|
| *Ansel v. Hyman Companies*, Civ. Action No. 05-1534, Memorandum of Decision and Order Re: Costs and Attorneys Fees, (Middlesex Super. Ct. Sep. 21, 2012) & Affidavit of Robert S. Mantell (May 9, 2012) (Exh. A) | 2012 | Robert S. Mantell | 1992 | 20 | $425 |
| *Monteiro v. City of Cambridge*, Case No. 2010-P-1240, Notice of Docket Entry (Mass. App. Ct., Oct. 10, 2012) (Exh. B) | 2012 | Ellen Zucker | 1994 | 18 | $425 |
| *Awuah v. Coverall North America*, 791 F. Supp. 2d 284 (D.Mass. 2011) (Exh. C) | 2011 | Shannon Liss-Riordan | 1996 | 15 | $400 |
| *Davis v. Footbridge Engineering Services LLC*, Civ. Action No. 09-11133, Memorandum and Order re: Plaintiffs' Motion for an Award of Attorneys' Fees and Costs (D. Mass., Aug. 22, 2011) (Exh. D) | 2011 | Todd Heyman | 1999 | 12 | $650 |
| *Monteiro v. City of Cambridge*, Civ. Action No. 2001-2737, Memorandum and Order on Plaintiff's Petition for Award of Fees and Costs (Middlesex Super. Ct., May 20, 2010) (Exh. E) | 2010 | Ellen Zucker | 1994 | 16 | $425 |
| *DiFiore v. American Airlines, Inc.*, 2010 WL 623635 (D. Mass., Feb. 10, 2010) (Exh. F) | 2010 | Shannon Liss-Riordan | 1996 | 14 | $400 |
| *Tuli v. Brigham & Women's Hospital*, Civ. Action No. 07- | 2009 | Margaret M. Pinkham | 1992 | 17 | $570 to $615 |

4

| | | | | | |
|---|---|---|---|---|---|
| 12338, Memorandum and Order Re: Attorney's Fees (D. Mass. June 8, 2009) (Exh. G) | | | | | |
| *Tuli v. Brigham & Women's Hospital*, Civ. Action No. 07-12338, Memorandum and Order Re: Attorney's Fees (D. Mass. June 8, 2009) (Exh. G) | 2009 | Rachel Lipton | 2005 | 4 | $410 to $495 |
| *Carter v. Newton Hospitality, Inc.*, Civ. Action No. 07-3383, Order on Joint Motion for Final Order and Judgment Granting Final Approval of Class Action Settlement (Suffolk Sup. Ct., Aug. 21, 2009) (Exh. H) | 2009 | Philip J. Gordon | 1995 | 14 | $585 |

As set forth in this table and the accompanying authority, there is ample support to find that an hourly rate of $425 constitutes a fair market rate for Mr. Churchill. Indeed, in October 2013, based on this same authority, a Middlesex Superior Court judge awarded Mr. Churchill fees at the rate of $425, on a contested petition for fees following a plaintiff's verdict in an employment discrimination case. (Churchill Aff. ¶ 8).

Mr. Casavant received his undergraduate and law degrees from Northeastern University. (Id. ¶ 9). He was admitted to the Massachusetts bar in 2008, so he has over five years of experience. (Id.). His entire legal career has been devoted to the representation of workers in employment law matters. (Id.). His representative cases include *Travers v. Flight Services & Systems, Inc.*, 737 F.3d 144 (1st Cir. 2013); *Cairo v. Starbucks Corp.*, 2013 WL 5229968 (D.Mass. Sep. 13, 2013); *Cusick v. The 15 Legrange Street Corp., d/b/a The Glass Slipper*, Suffolk Civ. A. No. 2010-04127 (Mass. Super. Aug. 8, 2013); and *Raghai v. BH Normandy Owner LLC*, Middlesex Civ. A. No. 2010-03992 (Mass. Super. May 23, 2013). (Id.). In *Awuah v. Coverall North America, Inc.*, 791 F. Supp. 2d 284 (D.Mass. 2011), this Court awarded Mr. Casavant fees at

5

the rate of $200 per hour. *Id*. at 290. Since that time (June 2011, when he had just over two years of experience), Mr. Casavant has developed three more years of experience as an attorney specializing on employment law matters, and he has become a principal. (Churchill Aff. ¶ 9). As a result, a rate of $275 per hour is reasonable for his background and experience. (Id.).

**4.  All requested hours constituted "time reasonably spent" in this case.**

As set forth in the time records submitted with the Affidavit of Stephen Churchill, Mr. Churchill recorded 81.5 hours through May 6, 2014, and Mr. Casavant recorded 24.3 hours through April 28, 2014. (Churchill Aff. ¶ 7). A consideration of the relevant factors establishes that all of these hours constituted "time reasonably spent" in this case.

First, the attached records were created on a contemporaneous basis (Churchill Aff. ¶ 7) and therefore provide an accurate reflection of the amount of time actually spent to advance Mr. Carpaneda's claim. Indeed, if anything, these records understate the time spent on Mr. Carpaneda's case, because there are numerous occasions when time spent on the case – such as a quick phone call or e-mail, time spent thinking about litigation or trial strategy, or time spent on administrative tasks – was not reflected in billing records. (Churchill Aff. ¶ 7).

Second, the financial interests at stake in this litigation were plainly significant. Mr. Carpaneda brought this case on behalf of himself and all others similarly situated. According to the defendants, there are over 100 potential class members and the potential damages exceed $5 million. (ECF No. 1 at ¶¶ 11-12).

Third, the public interest in having competent counsel represent plaintiffs with wage cases is substantial, as reflecting by the Legislature's decision to make an award of fees mandatory. M.G.L. c. 149, § 150; M.G.L. c. 151, § 20. Indeed, the Supreme Judicial Court has expressly noted that "the Legislature has highlighted the fundamental importance of the Wage

6

Act by repeatedly expanding its protections." *Melia v. Zenhire, Inc.*, 462 Mass. 164, 171 (2012). For example, "the Legislature has broadened the scope of employees covered, the type of eligible compensation, and the remedies available to employees whose rights have been violated." *Id.* (citations omitted). The addition of a private right of action in 1993 "was a means further to ensure rigorous enforcement of the Wage Act." *Lipsett v. Plaud*, 466 Mass. 240, 247 (2013).

Fourth, the nature of this case and the issues it presented required significant effort. Litigating this case required conducting an initial investigation, opposing a motion to dismiss, preparing extensive written discovery, reviewing thousands of pages of documents, and preparing for and participating in two depositions.

Fifth, the result obtained by Mr. Carpaneda warrants a full award of fees. Based on records produced by the defendants, Mr. Carpaneda received the full amount of his damages, including trebling. (Churchill Aff. ¶ 11).

**5.     Mr. Carpaneda is entitled to an award of costs.**

Mr. Carpaneda is entitled to recover his costs under M.G.L. c. 149, § 150 and M.G.L. c. 151, § 20. As set forth in the Affidavit of Stephen Churchill, Mr. Carpaneda incurred costs in the amount of $2,098.75, including costs for the filing fee, service of the complaint, and deposition transcripts. (Churchill Aff. ¶ 10).

**Conclusion**

For the foregoing reasons, Mr. Carpaneda respectfully requests that the Court award him attorneys' fees in the amount of $41,320.00, and an award of costs in the amount of $2,098.75.

EDUARDO CARPANEDA,
By his attorneys,


/s/ *Stephen Churchill*
Stephen Churchill, BBO #564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA  02111
617-607-3260
steve@fairworklaw.com

Dated:  May 8, 2014

## CERTIFICATE OF SERVICE

   I certify that I served a copy of the foregoing document, by ECF, on all counsel this 8th day of May, 2014.


            <u>/s/ *Stephen Churchill*</u>
            Stephen Churchill